Natividad Villaruz **BENAVIDEZ**, Petitioner,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 05–73426.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2006.*

Filed Oct. 23, 2006.

of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Natividad Villaruz Benavidezz, Delano, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Kristin K. Edison, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., M. Jocelyn Wright, U.S. Department of Justice Civil Division, Washington, D.C., for Respondent.

Before: T.G. NELSON, W. FLETCHER, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Natividad Villaruz Benavidez, a native and citizen of the Philippines, petitions pro se for review of the Board of Immigration Appeals' decision summarily affirming an Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal, and request for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

■ Substantial evidence supports the IJ's conclusion that Villaruz Benavidez is not eligible for asylum, because she failed to show that she was sent threatening letters on account of a protected ground. *See id.* at 481–82, 112 S.Ct. 812 (holding that past persecution or well-founded fear of persecution must be on account of a protected ground).

■ Because Villaruz Benavidez failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS,* 79 F.3d 955, 960–61 (9th Cir.1996) (en banc).

■ Villaruz Benavidez also failed to establish a CAT claim because she did not show that it was more likely than not that she would be tortured if she returned to the Philippines. *See Kamalthas v. INS,* 251 F.3d 1279, 1283–84 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.